JUDGE HELLERSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CIV 6393

-------------------------------------------------------------------X
CHRISTOPHER BUCKLEY

                      Plaintiffs,

       - against -

THE CITY OF NEW YORK, P.O. JASON N. SOTO and
JOHN DOES A-F the name "Doe" being Fictitious and intended
to represent those police Officers Involved in the use of unlawful
search and seizure and False Imprisonment, and malicious
prosecution against the plaintiff,

                      Defendants.
-------------------------------------------------------------------X

COMPLAINT

JURY TRIAL
DEMANDED

[RECEIVED AUG 21 2012 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, by his attorneys, **MANGAN GINSBERG LLP,** for his Complaint against the Defendants, allege, at all times material herein, that:

## NATURE OF THE ACTION

1)    Christopher Buckley, a citizen of New York and the United States, brings this 42 U.S.C. § 1983 Civil Rights Action against the arresting New York City Police Officers, and their employer, the City of New York for false arrest and malicious prosecution. On April 15, 2010, defendant police officers unlawfully stopped Mr. Buckley's vehicle in the Bronx. Mr. Buckley complained to officers that the stop was unlawful, and the defendant officers retaliated against Mr. Buckley by falsely charging him with a Vehicle and Traffic Law ("VTL") violation, and with Penal Law § 240.20 for Disorderly Conduct. Mr. Buckley was held overnight in Police custody, and then released the next day in Brooklyn. Mr. Buckley's VTL charge of failing to stop at a stop sign was dismissed at the conclusion of an evidentiary hearing before a Department of Motor Vehicles ("DMV") administrative law judge in December 2010. The Disorderly Conduct charge was dismissed on May 19, 2011 for failure to prosecute, after the arresting officers did not appear at successive hearing dates.

## VENUE AND JURISDICTION

2) This action is brought pursuant to 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to New York State tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

5) Plaintiff CHRISTOPHER BUCKLEY is an individual resident of the State of New York, County of Kings, and a citizen of the state and the United States. Christopher Buckley is African American.

6) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

7) Upon information and belief, Defendant JASON N. SOTO, Tax Registry No. 933377, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities.

8) Defendants "John Does" are, upon information and belief, New York City Police Officers and Detectives at the time of the events described herein and acted in their official capacities and individual capacities, including the male officer who was officer Soto's partner on April 15, 2010, whose name is unknown at this time.

9) All individual defendants are being sued in their individual capacities.

10) The City of New York (the "City") at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, detectives, supervisors, agents and/or employees of the New York City Police Department.

## FACTS

11) On April 15, 2010, at or about 11:00 p.m., plaintiff was operating his motor vehicle in Bronx County, in a lawful manner, and abiding by all traffic laws, when he travelled west bound on East 222nd Street where he made a right-hand turn onto Bronx Blvd. travelling north bound. After making the turn onto Bronx Blvd. he was pulled over by the defendant police officers. The police officers were in an unmarked "RMP" (Radio Motor Patrol) police car and were wearing New York Police Department uniforms.

12) The defendant police officers, one of whom was P.O. Soto, and the other, whose name is unknown to plaintiff, but is believed to be P.O. Soto's partner, asked for Mr. Buckley's driver's license. Without asking for Mr. Buckley's consent, and without any lawful justification, P.O. Soto's partner opened up the side door of the vehicle, and using his flashlight, did search the interior of the vehicle. When Mr. Buckley asked the officers what they were doing, they used profanity and told Mr. Buckley to shut up.

13) The officers became aggressive with plaintiff and verbally abusive. The officers then proceeded to conduct a more extensive search of Mr. Buckley's vehicle.

14) When the two officers walked away from Mr. Buckley's vehicle, Mr. Buckley proceeded to call 911 and wanted to speak to a police officer to explain the circumstances of the search and stop. Eventually, before the defendant officers returned to Mr. Buckley's vehicle, he was transferred to someone he believes was a member of the NYPD Internal Affairs Bureau. He gave the person on the phone his name and location.

15) When officer Soto returned to the vehicle, he grabbed took possession of Mr. Buckley's phone.

16) Mr. Buckley was then told to exit the van, and when outside he was searched, handcuffed

and arrested.

17) Mr. Buckley was then brought to the 47th Precinct and told that there was an open warrant for his arrest.

18) Mr. Buckley was also charged with disobeying a traffic signal and with disorderly conduct.

19) When at the 47 Precinct he was brought to speak to a captain, who asked him whether there was a warrant. Mr. Buckley stated that there was on warrant. The police captain told Mr. Buckley, "I don't care, now you are making matter worse because you called the internal affairs and I have to speak to them."

20) In the morning on April 16 Mr. Buckley was delivered to Brooklyn Criminal Court. The police officers who delivered plaintiff to the criminal court spoke to the clerk, who confirmed that Mr. Buckley did not have a warrant outstanding.

21) Mr. Buckley was then left by the officers in Brooklyn. (At that time Mr. Buckley lived in the Bronx.) He had no money, and did not have his wallet, which was in the possession of the 47th Precinct.

22) On December 13, 2010, a Department of Motor Vehicle hearing was held, where P.O. Soto testified against Mr. Buckley. At the conclusion of the hearing, the VTL charges against Mr. Buckley were dismissed.

23) On May 19, 2011, the Disorderly Conduct charge was dismissed by the People's failure to prosecute.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest Under the 4th and 14th Amendments
of the U.S. Constitution and 42 U.S.C. § 1983)

24) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

25) Christopher Buckley was falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against his will.

26) Defendants violated the protections guaranteed plaintiff as citizens of the United States by arresting, detaining, imprisoning, and kidnapping him without probable cause.

27) Defendants committed this false and unlawful arrest, imprisonment, detention, search and deprivation of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the plaintiff's rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiff's rights, privileges and immunities secured by the United States Constitution.

28) All Defendants acted under color of law.

29) Defendants apprehended the plaintiff based upon racial profiling and/or because of other improper reasons.

30) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of his race.

31) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who arrested, detained, imprisoned and humiliated plaintiff.

32) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

(Malicious Prosecution/Abuse of Process
Under the 4th Amendment,
14th Amendment and 42 U.S.C. § 1983)

33) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

34) Defendants brought criminal and other charges against Christopher Buckley without probable cause, with malicious intent, and these charges were favorably terminated in Mr. Buckley's favor.

35) Defendants commenced the criminal action against Mr. Buckley without probable cause and without legal or factual justification. The criminal action was, upon information and belief, abandoned due to a lack of evidence to support the action, and based on false allegations invented solely for the purpose of punishing the plaintiff.

36) All Defendants acted under color of law.

37) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process. This is a policy that allows its police officers to act without repercussion, as they please, to use their authority under the color of law as a tool to settle personal disputes with the citizens that they are charged to serve and protect. The City allows and encourages these police officers to act in a free-wheeling unconstrained manner, without concern for the privileges and rights guaranteed under the United States Constitution. The City encourages its officers to use deceitful practices, to swear to false claims against citizens in order to satisfy the personal goals of the police officers, and the grander goals of the City, without regard for the rights and privileges guaranteed the citizens of this City under the United States Constitution.

38) Officer Soto made these false claims against Mr. Buckley knowing that even if he failed

to convict Mr. Buckley, that he would not be questioned by the City of New York; he would not be questioned by his supervisors; he would not be questioned by anyone within the organization of the New York City Police Department. Officer Soto and his partner were not trained sufficiently to believe that there could be any repercussion against either of them for making false claims against a citizen of this City, and knew that if any rule did exist within the NYPD Patrol Guide to prevent such conduct, that it would not be enforced against them. This conduct and culture amounts to a policy. This policy propagated by the New York City Police Department, its commanding officers and supervisors, its Commissioner and the Mayor of the City of New York, encourages officers like Soto and his partner to falsely arrest citizens of New York, and to falsely charge them.

39) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who commenced false charges against Vincent Coleman, and who commenced the false and frivolous actions against the plaintiff.

40) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

### AS AND FOR A THIRD CAUSE OF ACTION
(Defendant City of New York's Negligent Hiring,
Supervision, Training and Failure to Discipline)

41) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

42) The City of New York knows of the likelihood that its police officers make false arrests without probable cause, and using excessive force and battery upon persons, knows that its police officer employees have the propensity to falsely charge and maliciously

prosecute its citizens, knows that its police officers have the propensity to use excessive force, to use techniques intended to cause extreme emotional harm and distress while in police custody, and to defame its citizens, but has failed to protect citizens from this conduct by negligently hiring, failing to properly screen candidates for employment, failing to train, failing to supervise and failing discipline its police officers.

43) As a result, Plaintiff was falsely arrested, subject to excessive force and battery, and was otherwise injured to his body and his mind.

44) Plaintiff was injured due to the failure of the City of New York, through the NYPD, to properly hire, screen, train, supervise and discipline its officers, including the defendant officers.

45) The City of New York is liable to the plaintiff for his injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining.

### AS AND FOR A FOURTH CAUSE OF ACTION
(The City of New York is liable under *Monell* for Maintaining Unconstitutional Policies and Practices Including, but not limited to Failing to Adequately Train and Supervise Police Officers.)

46) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

47) The City of New York, through the New York City Police Department, maintains a policy that its police officers should circumvent the privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Fourth Amendment, by encouraging police officers to make unlawful arrests without probable cause, and to file and maintain false charges against its citizenry.

48) The City has known of the likelihood that its police officers make arrests based on racial profiling or by other error, has known their propensity towards arresting on baseless charges, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

49) Not only does the City know of its officers to make these false arrests, and to maintain

false charges, but it encourages its officers to do so as a "cost of doing business" by living in certain areas within New York City. Unfortunately, most of these areas are poor areas, where the citizens do not have mobility or the same availability of choices to live somewhere else.

50) As a result of the City's policy to make discriminatory stops, arrests and to falsely prosecute persons of African American descent, Plaintiff was falsely arrested.

51) The City of New York is liable to the plaintiff for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining and the policies of the City of New York.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

(a) special and compensatory damages in the amount of two hundred thousand dollars ($200,000) dollars;

(b) punitive damages in the amount of one hundred thousand dollars ($100,000) dollars;

(c) reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; and

(d) such other and further relief as to this Court seems just and proper.

Dated: New York, New York
August 20, 2012

MANGAN GINSBERG LLP

By: Michael P. Mangan (MM-5773)
Attorneys for Plaintiffs
160 Pearl Street, Suite 610
New York, NY 10005
(212) 248-2171

9